WILHELMINA HAGER, by J. J. Schmidt, her Guardian, v. WILLIAM E. CLARK.

(161 N. W. 280.)

**Physicians and surgeons — malpractice — damages resulting from — action to recover — fair trial — new trial — motion for — evidence — preponderance.**

In an action for malpractice, where there has been a fair trial, an order denying a new trial will not be reversed when it is doubtful on which side the evidence preponderates.

Opinion filed January 13, 1917. Rehearing denied February 8, 1917.

Appeal from the District Court of Wells County, *Hon. J. A. Coffey,* J.

Affirmed.

*John O. Hanchett,* for appellant.

The jury must discriminate between the conditions which make the services of the physician necessary, and the evil results, if any, due to his malpractice, and no recovery can be had for an injury or condition not traceable to defendant's negligence. Feeney v. Spalding, 89 Me. 111, 35 Atl. 1027; English v. Free, 205 Pa. 624, 55 Atl. 777; Ewing

v. Goode, 78 Fed. 442; Georgia Northern R. Co. v. Ingram, 114 Ga. 639, 40 S. E. 708; James v. Robertson, 39 Utah, 414, 117 Pac. 1068, 2 N. C. C. A. 782; Kernodle v. Elder, 23 Okla. 743, 102 Pac. 138, 21 Am. Neg. Rep. 331; Marchand v. Bellin, 158 Wis. 184, 147 N. W. 1033; Martin v. Courtney, 75 Minn. 255, 77 N. W. 813, 87 Minn. 197, 91 N. W. 487; Pettigrew v. Lewis, 46 Kan. 78, 26 Pac. 458; Phebus v. Mather, 181 Ill. App. 274; Spain v. Burch, 169 Mo. App. 94, 154 S. W. 172; Whitesell v. Hill, — Iowa, —, 66 N. W. 894; Craig v. Chambers, 17 Ohio St. 254; Levy v. Vaughan, 42 App. D. C. 146; 30 Cyc. 1584; 9 Enc. Ev. 833; Wharton & S. Med. Jur. 517; Warmath v. O'Daniel, 16 L.R.A.(N.S.) 416, note.

To hold a physician in damages, it must appear that he neglected the proper treatment through inattention or carelessness. Hills v. Shaw, 69 Or. 460, 137 Pac. 229; Long v. Austin, 153 N. C. 508, 69 S. E. 500; Luka v. Lowrie, 171 Mich. 122, 41 L.R.A.(N.S.) 290, 136 N. W. 1106; McGraw v. Kerr, 23 Colo. App. 163, 128 Pac. 870; Mohr v. Williams, 95 Minn. 261, 1 L.R.A.(N.S.) 439, 111 Am. St. Rep. 462, 104 N. W. 12, 5 Ann. Cas. 303; Staloch v. Holm, 100 Minn. 276, 9 L.R.A.(N.S.) 712, 111 N. W. 264; Van Meter v. Crews, 149 Ky. 335, 148 S. W. 40; Williams v. Poppleton, 3 Or. 139; Wurdemann v. Barnes, 92 Wis. 206, 66 N. W. 111; Barfield v. South Highlands Infirmary, 191 Ala. 553, 68 So. 30, Ann. Cas. 1916C, 1097; Brydges v. Cunningham, 69 Wash. 8, 124 Pac. 132.

Where the immediate facts necessary to sustain a verdict rest on conjecture or suspicion alone, it should not be said in any enlightened tribunal that it could reasonably sustain a verdict. Phebus v. Mather, 181 Ill. App. 274; Staloch v. Holm, 100 Minn. 276, 9 L.R.A.(N.S.) 712, 111 N. W. 264; Martin v. Courtney, 87 Minn. 197, 91 N. W. 487; Georgia Northern R. Co. v. Ingram, 114 Ga. 639, 40 S. E. 708; Feeney v. Spalding, 89 Me. 111, 35 Atl. 1027; Bigney v. Fisher, 26 R. I. 402, 59 Atl. 72.

Where want of skill is not shown by expert evidence, applied to the facts, in this class of cases, there is no evidence of negligence, and no recovery can be had. Laymen cannot testify on the question of negligence. Baker v. Lane, 23 R. I. 224, 49 Atl. 963; Carstens v. Hansleman, 61 Mich. 426, 1 Am. St. Rep. 606, 28 N. W. 159; Ewing v. Goode, 78 Fed. 442; Longfellow v. Vernon, 57 Ind. App. 611, 105 N.

E. 178; Rogers v. Key, 171 Mich. 551, 137 N. W. 260; Neifert v. Hasley, 149 Mich. 232, 112 N. W. 705; Bonnet v. Foote, 47 Colo. 282, 28 L.R.A.(N.S.) 136, 107 Pac. 252; Adolay v. Miller, 60 Ind. App. 656, 111 N. E. 313; Brown v. Goffe, 140 App. Div. 353, 125 N. Y. Supp. 458; Kline v. Nicholson, 151 Iowa, 710, 130 N. W. 722, 1 N. C. C. A. 290; Lawson v. Crane, 83 Vt. 115, 74 Atl. 614; Moline v. Christie, 180 Ill. App. 334.

In such cases much is left to the judgment of the physician in charge of the case, and a clear case of negligence or of improper and careless treatment must be established. Leighton v. Sargent, 27 N. H. 460, 59 Am. Dec. 388; Ely v. Wilbur, 49 N. J. L. 685, 60 Am. Rep. 668, 10 Atl. 358, 441; 22 Am. & Eng. Enc. Law, 2d ed. 798, 804, and cases cited; Harris v. Fall, 27 L.R.A.(N.S.) 1174, 100 C. C. A. 497, 177 Fed. 79, 3 N. C. C. A. 176; Marchand v. Bellin, 158 Wis. 184, 147 N. W. 1033; Bonnet v. Foote, 47 Colo. 282, 28 L.R.A.(N.S.) 136, 107 Pac. 252; Moline v. Christie, 180 Ill. App. 334; Booth v. Andrus, 91 Neb. 810, 137 N. W. 884; Coss v. Spaulding, 41 Utah, 447, 126 Pac. 468; Dashiell v. Griffith, 84 Md. 363, 35 Atl. 1094; Dorris v. Warford, 124 Ky. 768, 9 L.R.A.(N.S.) 1090, 100 S. W. 312, 14 Ann. Cas. 602; Dunbauld v. Thompson, 109 Iowa, 199, 80 N. W. 324; Dye v. Corbin, 59 W. Va. 266, 53 S. E. 147; Gates v. Fleisher, 67 Wis. 504, 30 N. W. 674.

In determining what constitutes reasonable and ordinary care, skill, and diligence, the test is that which physicians and surgeons in the same neighborhood and in the same general line of practice ordinarily have and exercise in like cases and under like or similar circumstances. Whitesell v. Hill, — Iowa, —, 66 N. W. 894, 101 Iowa, 629, 37 L.R.A. 830, 70 N. W. 750, 2 Am. Neg. Rep. 134; McBride v. Huckins, 76 N. H. 206, 81 Atl. 528; Cranford v. O'Shea, 75 Wash. 33, 134 Pac. 486; Burk v. Foster, 114 Ky. 20, 59 L.R.A. 277, 69 S. W. 1096, 1 Ann. Cas. 304; Allen v. Voje, 114 Wis. 1, 89 N. W. 924; Ferrell v. Ellis, 129 Iowa, 614, 105 N. W. 993; Dye v. Corbin, 59 W. Va. 266, 53 S. E. 147.

The performance by a physician of his implied contract is determined by the standards of his profession at the time of the treatment, in similar localities, and he is not bound to have a greater knowledge or skill, nor to exercise a higher degree of care and skill, than those possessed and

35 N. D.—38.

exercised by other doctors of the profession, practising in the same or similar localities. Wurdemann v. Barnes, 92 Wis. 206, 66 N. W. 111; Martin v. Courtney, 87 Minn. 197, 77 N. W. 813; Peck v. Hutchinson, 88 Iowa, 320, 55 N. W. 511; Van Skike v. Potter, 53 Neb. 28, 73 N. W. 295; Booth v. Andrus, 91 Neb. 810, 137 N. W. 884; Dye v. Corbin, 59 W. Va. 266, 53 S. E. 147; Griswold v. Hutchinson, 47 Neb. 727, 66 N. W. 819; 22 Am. & Eng. Enc. Law, 2d ed. 799; 30 Cyc. 1570, § b; 3 Wharton & S. Med. Jur. §§ 473, 459.

In no case except by special contract is a physician held to insure his treatment or that it will result in a cure. He is not bound to secure certain results at all hazards, and a failure does not raise a presumption of negligence. Baker v. Langan, 165 Iowa, 346, 145 N. W. 513; Bonnet v. Foote, 47 Colo. 282, 28 L.R.A.(N.S.) 136, 107 Pac. 252; Booth v. Andrus, 91 Neb. 810, 137 N. W. 884; Coombs v. King, 107 Me. 376, 78 Atl. 468, Ann. Cas. 1912C, 1121, 3 N. C. C. A. 167; English v. Free, 205 Pa. 624, 55 Atl. 777; Getchell v. Hill, 21 Minn. 464; Miller v. Toles, 183 Mich. 252, L.R.A.1915C, 595, 150 N. W. 118; Kuhn v. Brownfield, 34 W. Va. 252, 11 L.R.A. 700, 12 S. E. 519; Lee v. Moore, — Tex. Civ. App. —, 162 S. W. 437; McGraw v. Kerr, 23 Colo. App. 163, 128 Pac. 870; Longfellow v. Vernon, 57 Ind. App. 611, 105 N. E. 178; Martin v. Courtney, 75 Minn. 255, 77 N. W. 813, 87 Minn. 197, 91 N. W. 487; Sawyer v. Berthold, 116 Minn. 441, 134 N. W. 120; Tomer v. Aiken, 126 Iowa, 114, 101 N. W. 769; 22 Am. & Eng. Enc. Law, 2d ed. 800; 30 Cyc. 1573; 3 Wharton & S. Med. Jur. § 466; Whitesell v. Hill, 37 L.R.A. 831, note.

A physician who has given his patient the benefit of his best judgment is not liable for negligence, even though his judgment was erroneous. Brydges v. Cunningham, 69 Wash. 8, 124 Pac. 132; Coombs v. King, 107 Me. 376, 78 Atl. 468, Ann. Cas. 1912C, 1121, 3 N. C. C. A. 167; Barfield v. South Highlands Infirmary, 191 Ala. 553, 68 So. 30; Williams v. Poppleton, 3 Or. 139; Tefft v. Wilcox, 6 Kan. 46; Staloch v. Holm, 100 Minn. 276, 9 L.R.A.(N.S.) 712, 111 N. W. 264; Luka v. Lowric, 171 Mich. 122, 41 L.R.A.(N.S.) 290, 136 N. W. 1106; Spain v. Burch, 169 Mo. App. 94, 154 S. W. 172; 22 Am. & Eng. Enc. Law, 2d ed. 804; 30 Cyc. 1578; 3 Wharton & S. Med. Jur. 501.

A physician on the ground and in charge of the case may use any

one of two or more equally approved methods of treatment. De Long v. Delaney, 206 Pa. 226, 55 Atl. 965; Long v. Austin, 153 N. C. 508, 69 S. E. 500; Cozine v. Moore, 159 Iowa, 472, 141 N. W. 424; Lorenz v. Booth, 84 Wash. 550, 147 Pac. 31; McClarin v. Grenzfelder, 147 Mo. App. 478, 126 S. W. 817; Spain v. Burch, 169 Mo. App. 94, 154 S. W. 172; Miller v. Toles, 183 Mich. 252, L.R.A.1915C, 595, 150 N. W. 118; Marchand v. Bellin, 158 Wis. 184, 147 N. W. 1033; Williams v. Poppleton, 3 Or. 139; Pepke v. Grace Hospital, 130 Mich. 493, 90 N. W. 278; Hesse v. Knippel, 1 Mich. N. P. 109; Hallam v. Means, 82 Ill. 379, 25 Am. Rep. 328; 3 Wharton & S. Med. Jur. 501; Leighton v. Sargent, 27 N. H. 460, 59 Am. Dec. 388; Wood v. Barker, 49 Mich. 295, 13 N. W. 597; Wurdemann v. Barnes, 92 Wis. 206, 66 N. W. 111; Tomer v. Aiken, 126 Iowa, 114, 101 N. W. 769; Van Skike v. Potter, 53 Neb. 28, 73 N. W. 295; Pelky v. Palmer, 109 Mich. 561, 67 N. W. 561; Hathorn v. Richmond, 48 Vt. 557; Boon v. Murphy, 108 N. C. 187, 12 S. E. 1032; Boom v. Reed, 69 Hun, 426, 23 N. Y. Supp. 421; 30 Cyc. 1576; 22 Am. & Eng. Enc. Law, 2d ed. 803; Adams v. Henry, Ann. Cas. 1912C, 831, note; Ebner v. Mackey, 51 L.R.A. 298, note.

Where the injury of which complaint is made is the result of the mutual and concurring negligence or carelessness of both patient and physician, there can be no recovery. Whitesell v. Hill, — Iowa, —, 66 N. W. 894; McGraw v. Kerr, 23 Colo. App. 163, 128 Pac. 870; Young v. Mason, 8 Ind. App. 264, 35 N. E. 521; Geiselman v. Scott, 25 Ohio St. 86; Chamberlain v. Porter, 9 Minn. 260, Gil. 244; Becker v. Janinski, 15 N. Y. Supp. 675; 30 Cyc. 1579; 22 Am. & Eng. Enc. Law, 2d ed. 805; 3 Wharton & S. Med. Jur. 508; Potter v. Warner, 91 Pa. 362, 36 Am. Rep. 668.

Plaintiff suffered no pain, sickness, or weakness which was not the natural and probable result of her condition, and which would not have been almost certain to follow, regardless of any known method of treatment, and in view of this the jury should not have been permitted to speculate the defendant into responsibility. Piles v. Hughes, 10 Iowa, 579; Dye v. Corbin, 59 W. Va. 266, 53 S. E. 147; Staloch v. Holm, 100 Minn. 276, 9 L.R.A.(N.S.) 712, 111 N. W. 264; 22 Am. & Eng. Enc. Law, 2d ed. 800.

In such a case, if the evidence leaves it as probable that the injury

was the result of one cause as much as the other, there cannot be a recovery. Merriam v. Hamilton, 64 Or. 476, 130 Pac. 406; Yaggle v. Allen, 24 App. Div. 594, 48 N. Y. Supp. 827; Coombs v. James, 82 Wash. 403, 144 Pac. 536; Dye v. Corbin, 59 W. Va. 266, 53 S. E. 147; Ewing v. Goode, 78 Fed. 442; Gores v. Graff, 77 Wis. 174, 46 N. W. 48; Martin v. Courtney, 87 Minn. 197, 91 N. W. 487.

Where the inference to be drawn from the facts proved is as consistent with skill, care, and diligence as with the lack of them, no recovery can be had. Pelky v. Palmer, 109 Mich. 561, 67 N. W. 561; Ewing v. Goode, 78 Fed. 442; Farrell v. Haze, 157 Mich. 374, 122 N. W. 197.

Where there is want of any tangible showing of negligence, and want of such showing of ills, suffering, and sickness other than those natural and probable under the circumstances, a verdict should be directed for defendant on motion. De Long v. Delaney, 206 Pa. 226, 55 Atl. 965; Cozine v. Moore, 159 Iowa, 472, 141 N. W. 424; English v. Free, 205 Pa. 624, 55 Atl. 777; Ewing v. Goode, 78 Fed. 442; Friend v. Cramer, 236 Pa. 618, 85 Atl. 12, Ann. Cas. 1914A, 272; Goodman v. Bigler, 133 Ill. App. 301; Griswold v. Hutchinson, 47 Neb. 727, 66 N. W. 819; Hills v. Shaw, 69 Or. 460, 137 Pac. 229; Jones v. Vroom, 8 Colo. App. 143, 45 Pac. 234; Langford v. Jones, 18 Or. 307, 22 Pac. 1064; Marchand v. Bellin, 158 Wis. 184, 147 N. W. 1033; Martin v. Courtney, 87 Minn. 197, 91 N. W. 487; Adolay v. Miller, 60 Ind. App. 656, 111 N. E. 313.

Trial courts ought to grant a new trial whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to give substantial justice to the parties. Dewey v. Chicago & N. W. R. Co. 31 Iowa, 373; Chicago Cottage Organ Co. v. Caldwell, 94 Iowa, 584, 63 N. W. 336; Martin v. Courtney, 87 Minn. 197, 91 N. W. 487; Kernodle v. Elder, 23 Okla. 743, 102 Pac. 138, 21 Am. Neg. Rep. 331.

The damages allowed are very excessive, and are not the result of calm deliberation. Vallo v. United States Exp. Co. 147 Pa. 404, 14 L.R.A. 743, 30 Am. St. Rep. 741, 23 Atl. 594; Miller v. Brown, 82 Iowa, 79, 47 N. W. 895; Hansen v. Crocker, 160 Ill. App. 514; Howard v. Grover, 28 Me. 97, 48 Am. Dec. 478; Ramsdell v. Grady, 97 Me. 319, 54 Atl. 764; Reynolds v. McManus, 139 Iowa, 242, 117

N. W. 667; Galveston, H. & S. A. R. Co. v. Craighead, — Tex. Civ. App. —, 175 S. W. 454; Hoffman v. Watkins, 89 Wash. 661, 155 Pac. 159; Evans v. Roberts, 172 Iowa, 653, 154 N. W. 523, 11 N. C. C. A. 728.

*F. J. Funke* and *E. R. Sinkler,* for respondent.

A motion for a directed verdict for defendant admits, for the purposes of the motion, the truth of the testimony which supports plaintiff's case, together with all inferences which may be drawn therefrom, and the untruth of his allegations which are denied by plaintiff. Blakeslee's Express & Van Co. v. Ford, 215 Ill. 230, 74 N. E. 135, 18 Am. Neg. Rep. 376; McLean v. Omaha & C. B. R. & Bridge Co. 72 Neb. 447, 100 N. W. 935, 103 N. W. 285; Walling v. Bown, 9 Idaho, 184, 72 Pac. 960.

The court is bound to assume the truth of the facts testified to by or on behalf of plaintiff, giving such evidence the most favorable construction. Delaware & H. Canal Co. v. Mitchell, 211 Ill. 379, 71 N. E. 1026; Stevens v. United Gas & E. Co. 73 N. H. 159, 70 L.R.A. 119, 60 Atl. 848; Bennison v. Walbank, 38 Minn. 313, 37 N. W. 447.

A verdict in a case against a physician for malpractice, based on conflicting evidence on all points, will warrant the appellate court in assuming that all the allegations of defendant's want of skill and of negligence, have been proved. Baxter v. Campbell, 17 S. D. 475, 97 N. W. 386; Meadows v. Hawkeye Ins. Co. 67 Iowa, 57, 24 N. W. 591; Degelau v. Wight, 114 Iowa, 52, 86 N. W. 36.

In this case the jury had the right to find from the testimony of the doctors that the operation performed by defendant caused the scar and the stricture of the trachea, and also chronic pharyngitis and laryngitis, and that this condition was permanent. State v. Porter, 34 Iowa, 131; Degelau v. Wright, 114 Iowa, 52, 86 N. W. 36; Brownfield v. Chicago, R. I. & P. R. Co. 107 Iowa, 254, 77 N. W. 1038, 5 Am. Neg. Rep. 331.

ROBINSON, J. This is an action for malpractice by a physician. The defendant appeals from a verdict and judgment against him for $5,000, and from an order denying a new trial. The complaint is, in effect, that in July, 1914, the plaintiff accidentally swallowed a peanut, which lodged in one of her bronchial tubes. That defendant was employed as

physician to remove the peanut and to treat the plaintiff; that he cut into her throat and attempted to remove the peanut without having a proper instrument for that purpose, and kept her in terrible pain for a week, when she was taken to Minot and by the use of a proper instrument, known as a bronchoscope, the peanut was quickly removed. By the proper use of a bronchoscope a physician may see into the lungs. He does not grope in the dark. The doctor claims he told the parents of the child that he did not have such an instrument, and undertook to remove the peanut by the operation of cutting into the throat and the use of forceps. The doctor claims that when the child was brought to him about 11 o'clock at night, there was danger of suffocation, and the operation was performed to prevent suffocation rather than to remove the peanut. There is a large volume of conflicting testimony, from which it fairly appears that if it was reasonably necessary to cut into the throat as an emergency operation, when the doctor failed to remove the peanut by forceps, he should have at once telegraphed to Minot for a bronchoscope or should have directed that the child be taken immediately to Minot. There does not appear any reasonable excuse for keeping the child in agony for six days, hoping that it might cough up the peanut.

The counsel for plaintiff contend that if there is any evidence to support the verdict, it must be sustained; and that the evidence does overwhelmingly support the verdict. We do not agree with either proposition, but assuredly there is evidence on which honest, conscientious men and judges might well differ in opinion, and there is ample evidence to support the verdict, and that is really the only question in the case.

The defendant has had a fair trial, and it seems but fair to him and to plaintiff to end the expensive litigation. On considering the evidence and the arguments, we feel no assurance that a new trial would benefit the defendant. Hence, this court affirms the judgment and the order denying a motion for a new trial.

In this and in similar cases the judge who writes this opinion holds that the bulk of damages which may be recovered should go directly to the party sustaining the damage, regardless of any agreement with the infant plaintiff or her guardian, and the the attorney's fee should be

limited to a just and reasonable sum, to be allowed by order of the court, to be entered and made a part of the record.

CHRISTIANSON and GRACE, JJ., concur in an affirmance of the judgment.

On Petition for Rehearing (filed February 8, 1917).

ROBINSON, J.   As the original opinion shows, defendant had a fair trial.   The verdict is well sustained by the evidence, and it is doubtful if a new trial would benefit the defendant or any person.   On a second trial the verdict might well be for a larger amount.   Hence, the motion for a rehearing is denied.